**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS W. HEALAN,

Petitioner-Appellant,

v.

RAUL LOPEZ, Warden, Corcoran State Prison

Respondent-Appellee.

No. 11-56559

D.C. No. 2:10-cv08631-JAK-PLA

**MEMORANDUM** [*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted December 7, 2012[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BURNS, District Judge.[***]

California state prisoner Curtis Healan appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The California Court of Appeal's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), because the trial judge's determination that Healan's counsel never fell asleep during trial, but functioned appropriately and competently, was supported by the evidence presented at the hearing, including the judge's own observations of counsel's trial performance. *Cf. Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000) (trial judge was in good position to evaluate attorney's actual performance). Healan has not rebutted the

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

trial court's findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The California Court of Appeal's decision was neither "contrary to" nor an "unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). No Supreme Court case holds "that prejudice shall be presumed in circumstances" where the attorney may be mentally impaired. *Dows*, 211 F.3d at 484–86. Given the overwhelming evidence of Healan's guilt, he has not shown that he was prejudiced by any error he now assigns to his counsel. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**AFFIRMED**.